UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**FRANK NALI,**

      **Plaintiff,**         **CIVIL ACTION NO. 10-CV-11363**

  vs.

                                      **DISTRICT JUDGE STEPHEN J. MURPHY, III**

**JODI ANGELO, LAURIN**            **MAGISTRATE JUDGE MONA K. MAJZOUB**
**THOMAS, JAMES ATTERBERRY,**
**STEPHEN DEBOER, CHARLES**
**BRADDOCK, PATRICIA CARUSO,**
**and JENNIFER GRANHOLM,**

      **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

**I.**     **RECOMMENDATION:** This Court recommends that the Motion for Summary Judgment filed by Defendants Granholm, Caruso, DeAngelo, Thomas, Atterberry, and DeBoer (docket no. 22) be **GRANTED**. This Court further recommends that the claims filed against Charles Braddock be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), and Plaintiff's Complaint be dismissed.

**II.**     **REPORT:**

      Plaintiff Frank Nali, a former state inmate, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his First, Fifth, and Fourteenth Amendment rights connected with the Parole Board's decision to deny him parole on three separate occasions. The Defendants are Michigan Governor Jennifer Granholm, MDOC Director Patricia Caruso, and Michigan Parole Board members Jodi DeAngelo, Laurin Thomas, James Atterberry, Stephen DeBoer, and Charles

1

Braddock. Presently before the Court is the Motion for Summary Judgment filed by Defendants Granholm, Caruso, DeAngelo, Thomas, Atterberry, and DeBoer.[1] The motion is fully briefed. This matter has been referred to the undersigned for action pursuant to 28 U.S.C. § 636(b)(1)(B). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). This matter is now ready for ruling.

**A.    Facts**

From November 2002 to July 2009 Plaintiff was serving a prison sentence for extortion. Plaintiff's minimum sentence on his extortion conviction was fifty months, with a maximum term of imprisonment of twenty years. (Docket no. 22, Ex. 2). He was released from prison on bond on July 9, 2009 when his petition for habeas corpus was granted. On April 6, 2010 Plaintiff filed this civil rights complaint against Michigan Governor Jennifer Granholm, MDOC Director Patricia Caruso, and Michigan Parole Board members Jodi DeAngelo, Laurin Thomas, James Atterberry, Stephen DeBoer, and Charles Braddock. Plaintiff alleges that he was interviewed by the parole board in 2006, 2008, and 2009 and after each interview was informed that the board had voted to deny his parole and continue his sentence. Plaintiff was given twenty-four month, twenty-four month, and twelve month continuances, respectively.

Plaintiff claims that Defendants DeBoer, Braddock, Atterberry, Thomas, and DeAngelo violated state and federal laws and failed to provide objective and verifiable reasons for their decisions to deny parole. Plaintiff claims that he requested a declaratory ruling from Defendant Caruso after he was denied parole in 2006, 2008, and 2009, but his requests were denied. He also

---

[1]Service of process against Charles Braddock was returned unexecuted on May 12, 2010. (Docket nos. 8, 9). Consequently the Defendants' Motion for Summary Judgment is not filed on Charles Braddock's behalf.

claims that he sent three letters to Defendant Granholm notifying her of the conduct of the parole board but that she failed to intervene. Plaintiff states that from December 5, 2006, when his minimum sentence of fifty months expired, until he was released from prison on July 9, 2009 he was wrongfully incarcerated. On July 19, 2010 Defendants Granholm, Caruso, DeAngelo, Thomas, Atterberry, and DeBoer filed the instant Motion for Summary Judgment. (Docket no. 22).

**B.     Standard**

Defendants move for an order dismissing Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12 and 56. A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted challenges the legal sufficiency of a complaint. When determining a motion under Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pled factual allegations as true, and determine whether the plaintiff's allegations present plausible claims. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). To survive a Rule 12(b)(6) motion to dismiss "the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Tech., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)). The complaint's " '[f]actual allegations must be enough to raise a right to relief above the speculative level;' they must 'state a claim to relief that is plausible on its face.' " *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555, 570 (2007)).

Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of showing an absence of evidence to support the

non-moving party's case. *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.* In determining whether there are issues of fact for trial, the inferences drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

**C.    Analysis**

1.    Defendants Granholm and Caruso

Plaintiff argues that Defendants Granholm and Caruso are liable for damages under 42 U.S.C. § 1983 based on their failure to respond to his letters and requests for declaratory rulings. Section 1983 liability must be based on more than respondeat superior or the mere right to control employees. *Monell v. New York City Dep't. of Soc. Servs.*, 436 U.S. 658 (1978). A party cannot be held liable under 42 U.S.C. § 1983 absent a showing that she personally participated in, or otherwise authorized, approved, or knowingly acquiesced in the alleged unconstitutional conduct. *Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). An allegation that a supervisor was aware of an actionable wrong committed by a subordinate and failed to take corrective action "is insufficient to impose liability on supervisory personnel under § 1983." *Poe v. Haydon,* 853 F.2d 418, 429 (6th Cir. 1988) (citation omitted); *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999) (citing *Salehpour v. Univ. of Tennessee,* 159 F.3d 199, 206 (6th Cir. 1998) ("liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to

act.'")).

In support of their Motion for Summary Judgment Defendants submitted an affidavit of Richard Stapleton, the Administrator of the Office of Legal Affairs for the Michigan Department of Corrections ("MDOC"), which states that he searched the MDOC database where requests for declaratory rulings are recorded and found no requests for declaratory rulings filed by Plaintiff in July 2008 or June 2009. (Docket no. 22, Ex. 3). However, even if the evidence showed that Defendant Caruso was aware of the Plaintiff's requests for declaratory rulings, and Defendant Granholm was aware of his letters, their only roles in this action involve their failure to act. Since section 1983 liability cannot be imposed upon Defendants Granholm and Caruso based upon their failure to act, these Defendants are entitled to dismissal of Plaintiff's claims against them.

2.  Defendants DeAngelo, Thomas, Atterberry, and DeBoer

   a.  The Defendants' Decision to Deny Parole in 2006

Plaintiff alleges that the Defendants violated his rights under the First, Fifth, and Fourteenth Amendments when they denied him parole in August 2006. Federal courts apply state personal injury statutes of limitations to claims brought under § 1983. *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 180-81 (6th Cir. 1990). For civil rights actions filed in Michigan under § 1983, the statute of limitations is three years. Mich. Comp. Laws § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44, (6th Cir. 1986). Plaintiff did not file the instant Complaint until April 6, 2010. Consequently, Plaintiff's claims related to his parole denial in 2006 are barred by the statute of limitations.

Furthermore, Plaintiff filed a previously lawsuit against Defendants DeBoer and Braddock related to his 2006 parole denial, raising substantially the same arguments as he now alleges in the instant lawsuit. *See Nali v. DeBoer*, No. 1:06-cv-721, 2006 WL 3613216 (W.D. Mich. Oct. 31,

5

2006). The Court dismissed Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A for failure to state a claim upon which relief may be granted. *Id.* at *5. In the instant action, the Court should find that Plaintiff's claims related to his 2006 parole denial must be dismissed.

  b.  First and Fifth Amendment Violations

Plaintiff alleges that the Defendants violated his Fifth Amendment rights by continuing to imprison Plaintiff after his minimum sentence of fifty months was served. (Docket no. 24 at 7). He also argues that "Plaintiff's First Amendment rights violation follows as a consequence of his unlawful incarceration after the fifty months." (Docket no. 24 at 7).

The Fifth Amendment to the United States Constitution applies only to actions of the federal government and does not apply where the acts complained of were committed by state rather than federal officials. *Riley v. Camp,* 130 F.3d 958, 972 n.19 (11th Cir. 1997); *Newsom v. Vanderbilt Univ.,* 653 F.2d 1100, 1113 (6th Cir. 1981). Therefore, Plaintiff's Fifth Amendment claims must fail. Furthermore, Plaintiff has not set forth facts to support a claim that the Defendants violated his First Amendment rights. Consequently, Plaintiff's First Amendment claims also fail.

Accordingly, the Court should find that Plaintiff has failed to state plausible claims for relief under the First and Fifth Amendments and these claims should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

  c.  Fourteenth Amendment Due Process Violations

Plaintiff argues that the Defendant parole board members failed to follow applicable laws in denying his parole and in so doing violated his due process rights. Specifically, Plaintiff alleges that Defendants deviated from the sentencing guidelines when they denied his parole and continued his sentence without providing substantial and compelling reasons as required under Mich. Comp.

Laws § 769.34. He further argues that the Defendants failed to provide an adequate explanation for the parole denials as is required under Mich. Comp. Laws § 791.235(12) and Mich. Comp. Laws § 24.285. (Docket no. 24 at 5-6 and 8-10).

Mich. Comp. Laws § 769.34(3) provides that "[a] court may depart from the appropriate sentence range under the sentencing guidelines . . . if the court has a substantial and compelling reason for that departure and states on the record the reasons for departure." Mich. Comp. Laws § 769.34(3). Because Mich. Comp. Laws § 769.34(3) applies to the trial court and not to the Michigan Parole Board or its members, it is not applicable to the instant action. *See Nali v. DeBoer*, No. 1:06-cv-721, 2006 WL 3613216, at *1 n.1 (W.D. Mich. Oct. 31, 2006). Likewise, section 24.285 of the Administrative Procedures Act provides that "[a] final decision or order of an agency in a contested case shall be made . . . in writing or stated in the record and shall include findings of fact and conclusions of law. . . ." Mich. Comp. Laws § 24.285. Decisions to deny parole are not contested issues to which the Administrative Procedures Act applies. *Morales v. Michigan Parole Bd*, 676 N.W.2d 221, 228 (Mich. Ct. App. 2003). Accordingly, Plaintiff has not stated a plausible claim of relief for violation of Mich. Comp. Laws § 24.285.

The Michigan Parole Board has discretion whether to grant parole. Mich. Comp. Laws 791.235(1). "When the parole board makes a final determination not to release a prisoner, the prisoner shall be provided with a written explanation of the reason for the denial and, if appropriate, specific recommendations for corrective action the prisoner may take to facilitate release." Mich. Comp. Laws § 791.235(12). When the parole board departs from the "parole guideline by denying parole to a prisoner who has a high probability of parole," it must provide substantial and compelling reasons in writing. Mich. Comp. Laws § 791.233e(6).

The record shows that the parole board explained its decisions to deny Plaintiff parole in writing after each parole determination. (Docket no. 22, Ex. 1). Even had it failed to do so, however, a violation of the Michigan parole statute does not amount to a violation of federal procedural due process rights. "There simply is no viable legal theory by which Michigan state authorities are required to follow their own procedural statutes and regulations on parole as a matter of federal due process." *Yinger v. Michigan Dep't. of Corr.*, No. 05-cv-73529, 2005 WL 3262540, at *2 (E.D. Mich. Nov. 30, 2005) (citing *Sweeton v. Brown,* 27 F.3d 1162, 1165 (6th Cir. 1994); *Gavin v. Wells,* 914 F.2d 97, 98 (6th Cir. 1990) (concluding that the Michigan Parole Board's alleged violation of a state procedural rule does not rise to federal constitutional proportions)).

In order to establish a due process violation, Plaintiff must show that he was deprived of a protected liberty interest. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 296 (6th Cir. 2006). "Without a protected liberty or property interest, there can be no federal procedural due process claim." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972)). There is no constitutional right to be released on parole before the expiration of a prison sentence, even if the prisoner scored under the parole guidelines as having a high probability of parole. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Furthermore, because a prisoner is turned over to the jurisdiction of the parole board after his minimum sentenced has been served, "even completely serving the minimum sentence does not guarantee a prisoner release prior to serving the statutory maximum sentence authorized by the conviction." *Sterhan v. Bell*, No. 07-cv-15229, 2009 WL 3757035, at *3 (E.D. Mich. Nov. 10, 2009).

Accordingly, because Plaintiff has no liberty interest in being released on parole, Defendants

8

are entitled to dismissal of Plaintiff's due process claims.

3.      Defendant Charles Braddock

On April 20, 2010 Plaintiff was granted IFP status and the Court directed the U.S. Marshal to serve a copy of the summons and complaint on the Defendants. (Docket no. 5). Service of process against Charles Braddock was returned unexecuted on May 12, 2010. (Docket nos. 8, 9).

Section 1915(e)(2)(B) requires the court to review all complaints where the plaintiff is proceeding IFP and *sua sponte* dismiss a case if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. As articulated above, Plaintiff has failed to state plausible claims for relief against the Defendants. The Court therefore recommends that his claims against Defendant Braddock be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

## III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: January 3, 2011         s/ Mona K. Majzoub
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Frank Nali and Counsel of Record on this date.

Dated: January 3, 2011         s/ Lisa C. Bartlett
                               Case Manager