UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK NALI

    Plaintiff,

v.

JODI ANGELO, LAURIN THOMAS, JAMES ATTERBERRY, STEPHEN DEBOER, CHARLES BRADDOCK, PATRICIA CARUSO, and JENNIFER GRANHOLM,

    Defendants.

_____/

Case No. 10-cv-11363

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER ADOPTING IN PART REPORT
AND RECOMMENDATION** (docket no. 26)**, OVERRULING OBJECTIONS,
GRANTING DEFENDANTS' MOTION TO DISMISS** (docket no. 22)**, DISMISSING
FEDERAL CLAIMS FOR FAILURE TO STATE A CLAIM, AND DECLINING
TO EXERCISE  SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS**

    This is a pro se civil rights action.  Plaintiff Frank Nali was released from state prison in July 2009 on a writ of habeas corpus.  He was serving a sentence of 50 months to twenty years for extortion.  Before being released, he came up for parole three times, and each time his request was denied.  After each denial, he was given continued terms of 24 months, 24 months, and 12 months, respectively.  Once released, he brought this action against the five members of the Michigan Parole Board, the Director of the Michigan Department of Corrections, and the then-governor of Michigan.  He claims that the parole board violated state and federal laws by denying his requests for parole and failing to provide adequate reasons for the denials.  He claims that the Director of the Department of Corrections improperly denied his request for a declaratory ruling that parole was wrongfully denied.  He also claims that the then-governor failed to intervene after he mailed her letters regarding the parole board's decisions.  The Court granted Nali's application to

proceed *in forma pauperis* and waived the $350 filing fee.

Defendants moved to dismiss, and alternatively, for summary judgment, on all claims on various grounds.[1] The matter was referred to Magistrate Judge Mona K. Majzoub for all pretrial proceedings. Judge Majzoub issued a report in which she recommends that Defendants' motion be granted and that claims against Defendants be dismissed with prejudice. She also recommends that the Court dismiss the claims against Defendant Braddock *sua sponte* for failure to state a claim. Plaintiff filed timely objections.

## STANDARD OF REVIEW

A district court's standard of review for a report and recommendation depends upon whether a party files objections. The Court need not undertake any review at all with respect to portions of a report no party objects to. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). On the other hand, a district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Overly broad objections, however, do not satisfy the objection requirement. *See Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Id.* Because Nali filed specific objections, the Court reviews the report and recommendation de novo.

---

[1] Defendant Braddock was never served with process and therefore does not join in the motion.

**DISCUSSION**

Nali claims that Defendants violated his federal rights under the First, Fifth, and Fourteenth Amendments by denying him parole on three occasions and failing to provide "objective and verifiable findings" supporting their decisions. When he asked Defendant Caruso to declare that the denials violated Michigan law, his requests were ignored. When he complained to the former governor, his pleas went unanswered and the governor failed to intervene. Nali seeks damages under 42 U.S.C. § 1983.

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to test whether, "as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). A plaintiff must plead "enough factual matter" that, when taken as true, "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). To state a claim under § 1983, a plaintiff must set forth facts that plausibly establish 1) a deprivation of a right secured by the Constitution or laws of the United States 2) caused by a person acting under color of state law. *Miller v. Sanilac County*, 606 F.3d 240, 247 (6th Cir. 2010). Only the first element is at issue here.

Nali's principal complaint here is that the parole board denied parole on three occasions over the last five years and failed to make specific findings supporting the decisions. According to Nali, due process requires that the board provide him with objective reasons for denying him parole.

He challenged the first denial in federal court four years ago and lost at the pleading stage. *See Nali v. DeBoer*, No. 1:06-cv-721, 2006 WL 3613216 (W.D. Mich. Oct. 31, 2006). The district court concluded that Nali failed to state a claim under § 1983 because there is no constitutional right to be conditionally released on parole before the expiration

of a prison sentence. *Id.* at * 3 (citing *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979)). The same analysis applies here.

A state has plenary authority to establish a parole system. *Id.* Its decision to create parole does not necessarily give rise to a constitutionally-protected liberty interest in release on parole. A liberty interest is created only if a state law *entitles* an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991). Michigan's parole statute does not entitle a prisoner to release on parole. *See* Mich. Comp. Laws § 791.235(1) ("The release of a prisoner on parole shall be granted solely upon the initiative of the parole board."); *see also Juarez v. Renico*, 149 F. Supp. 2d 319, 322 (E.D. Mich. 2001) ("The Michigan parole statute does not create a right to be paroled." (citing *Hurst v. Dep't of Corr. Parole Bd.*, 119 Mich. App. 25, 28-29 (1982)). In the absence of a state-created liberty interest, there can be no violation of the Fourteenth Amendment's Due Process Clause. *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007). Furthermore, a parole board's failure to comply with its state's procedural guidelines for parole cannot give rise to a federal due process violation. *Sweeton v. Brown*, 27 F.3d 1162, 1165 (6th Cir. 1994); *Gavin v. Wells*, 914 F.2d 97, 98 (6th Cir. 1990).

Applying the above standards, Nali fails to state a claim under § 1983. He has failed to allege the existence of a cognizable liberty interest created by Michigan law. Therefore, his due process claim fails. Nali contends in his objections that the Supreme Court's decision in *Wilkinson v. Dotson*, 544 U.S. 74 (2005), demonstrates that constitutional challenges to parole decisions may be brought under § 1983. His contention is misplaced. While *Wilkinson* did hold that a constitutional challenge to the procedures used by a parole board is cognizable under § 1983 rather than exclusively through a petition for a writ of

habeas corpus, *Wilkinson* did not address whether the prisoner there had stated a valid due process claim. In fact, the Court affirmed in all respects the Sixth Circuit's en banc decision, which itself affirmed the district court's dismissal of the prisoner's due process claim. *See Dotson v. Collins*, 317 F. App'x 439, 441 n.3 (6th Cir. 2008). Therefore, the due process claim was never before the Court in *Wilkinson*. This Court is not dismissing Nali's § 1983 due process claim because his exclusive vehicle for relief lies in a habeas petition. The Court is dismissing it because it is not a legally viable claim as a matter of substantive constitutional law. *See, e.g.*, *Swihart v. Wilkinson*, 209 F. App'x 456, 458 (6th Cir. 2006) ("Although Swihart's due process challenge to the procedures used by the parole board is cognizable under § 1983 pursuant to *Wilkinson v. Dotson*, 544 U.S. 74 (2005), Swihart failed to state a violation of due process." (citing, among other authority, *Greenholtz*, 442 U.S. at 7)).

Nali also alleges that Defendants violated his rights secured by the First and Fifth Amendments but has failed to articulate any cognizable theory of liability under these amendments. Therefore, these claims must also must be dismissed.[2] *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (noting that courts need not accept bare legal conclusions as true in considering motions to dismiss). Nali's claims against Defendants Caruso and Granholm are derivative of his claims against the parole board. Because the latter fail, so must the former.

Magistrate Judge Majzoub recommended that the claims be dismissed based on the above reasoning, and on additional grounds as well. Because the above analysis is

---

[2] As noted above, Defendant Braddock has not been served with process and did not join in Defendants' motion to dismiss. Regardless, the same reasoning applies to Nali's claim against Braddock, and the Court will dismiss it *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(ii).

sufficient to dismiss all of Nali's claims, the Court does not reach Judge Majzoub's additional bases for dismissal. Also, to the extent there are any state law claims stated in Nali's complaint, the Court declines to exercise supplemental jurisdiction over them. 28 U.S.C. § 1367(c)(3); *see Brown v. Cassens Transport Co.*, 546 F.3d 347, 363 (6th Cir. 2008) (noting that federal court should typically decline to exercise pendent jurisdiction over a plaintiff's state-law claims after dismissing the federal claims).

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Report and Recommendation (docket no. 26) is **ADOPTED** and **ACCEPTED IN PART** and insofar as it is consistent with the discussion above.

**IT IS FURTHER ORDERED** that Plaintiff's objections are **OVERRULED.**

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss the complaint (docket no. 22) is **GRANTED**.

**IT IS FURTHER ORDERED** that all federal claims against Defendants are **DISMISSED WITH PREJUDICE** for failure to state a claim.

**IT IS FURTHER ORDERED** that all state law claims are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**SO ORDERED.**

                                              s/Stephen J. Murphy, III
                                              STEPHEN J. MURPHY, III
                                              United States District Judge

Dated: March 3, 2011

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 3, 2011, by electronic and/or ordinary mail.

                                              s/Carol Cohron
                                              Case Manager